United States District Court
Southern District of Texas
**ENTERED**
March 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN MANUEL HERNANDEZ, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | 5:21-CV-00083 |
| | § | |
| DAVID CASTILLO | § | |
| and | § | |
| MICHAEL H SOKOLOW, | § | |
|     Respondents. | § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Federal inmate Juan Manuel Hernandez (BOP #57200-279) has filed a *Bivens* suit against the Assistant Federal Public Defender, Assistant U.S. Attorney, and District Judge involved in his underlying criminal conviction. Plaintiff proceeds *pro se* and *in forma pauperis*. (Dkt. No. 11.) This case was referred to the undersigned magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). (Dkt. No. 4.) Because Plaintiff is an inmate who proceeds *in forma pauperis*, the Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). After reviewing all of the pleadings and the applicable law, the Court **RECOMMENDS** that this case be **DISMISSED** for the reasons that follow.

## I.    BACKGROUND

In this civil action, Plaintiff sues the Assistant Federal Public Defender who represented him during his criminal case (5:18-cr-546), the Assistant U.S. Attorney who prosecuted the case,

and the presiding federal judge[1] in their individual and official capacities for "racis[m], bias, discrimination, and prejudice." (Dkt. No. 1 at 2.) Plaintiff seeks to withdraw his guilty plea on grounds of ineffective assistance of counsel, alleging that his lawyer "sold me out to the prosecutor" for a "five thousand dollar bonus." (*Id.* at 6.) Plaintiff alleges that "the prosecutor set me up to be killed in USP Coleman I." (*Id.* at 9.) He alleges that the "prosecutor paid my lawyer to scare me into a plea and not subpoena SSI medical records," and that as a result his medical records and receipt of Social Security benefits were withheld from the judge. (*Id.* at 5.) In addition to the withdrawal of his guilty plea, Plaintiff seeks $5 million in damages for pain and suffering, as well as criminal charges against the Prosecutor. (*Id.* at 11.)

Pro se litigants' filings must be "liberally construed." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). "[A] *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Pursuant to the screening requirements of 28 U.S.C. § 1915 for plaintiffs proceeding *in forma pauperis*,

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>> (B) the action or appeal
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief from a defendant who is immune from such relief.

---

[1]   While the Complaint names "Joseph F. Bianco" as the sentencing judge, Judge Bianco sits on the Second Circuit Court of Appeals, and the Court cannot ascertain any connection between him and the underlying criminal case (*United States v. Hernandez*, No. 5:18-cr-546). (Dkt. No. 1 at 2.)

## II.     DISCUSSION

### a.  Plaintiff's *Bivens* claims should be dismissed

"[A] *Bivens* action is the federal analog to suits brought against state officials under [] 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 258 (2006).  A cognizable *Bivens* action must plead a deprivation of statutory or Constitutional rights by a federal officer acting under color of federal law.  *See Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 397 (1971).  In this case, none of the defendants are subject to liability under *Bivens*.

#### i.     *Bivens* does not apply to public defenders

In this case, Plaintiff brings claims against Assistant Federal Public Defender David Castillo, who represented him during his criminal case.  Plaintiff alleges that Defendant Castillo exhibited "racis[m], bias, discrimination, and prejudice" in the course of his representation.

Public Defenders do not act under "color of federal law" when representing indigent defendants in state or federal court.  *See Polk County v. Dodson,* 454 U.S. 312 (1981) (public defenders do not act under color of state law under 42 U.S.C. § 1983 when performing the traditional functions of counsel to a criminal defendant); *Murphy v. Bloom,* 443 F. App'x 668, 670 (3d Cir. 2011) ("even though paid by the government, [public defender] did not act under color of federal law for purposes of *Bivens* where he was performing traditional functions of counsel"), *Richards v. Flynn,* 263 Fed. App'x, 496 (7th Cir. 2008) (affirming *sua sponte* dismissal of *Bivens* action against assistant federal public defender); *Cox v. Hellerstein,* 685 F.2d 1098 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant

in a federal criminal proceeding"); *Allred v. McCaughey*, 257 Fed. Appx. 91, 92-93 (10th Cir. 2007); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action"); *Bradford v. Shankman*, 772 F.2d 905 (6th Cir. 1985) ("a private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action"); *Davis v. Van Hook*, No. 5:13-3277, 2014 U.S. Dist. LEXIS 41400 (W.D. La. Mar. 25, 2014); *Sistrunk v. Breedy*, 2011 U.S. Dist. LEXIS 80177, 2011 WL 2976471, n.6 (E.D. La. 2011) ("a federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of Bivens"). Therefore, the Complaint fails to state a claim against Defendant Castillo upon which relief can be granted and should be dismissed under the 28 U.S.C. § 1915(e)(2)(B)(ii).

### ii.     Judicial Immunity

Plaintiff's *Bivens* claims of bias by the District Judge are also precluded because under *Stump v. Sparkman*, a judge's "judicial conduct" enjoys absolute immunity. 435 U.S. 349, 356-57 (1978). Because of the doctrine of absolute judicial immunity, Plaintiff's requests for damages from the judge is futile. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("the court shall dismiss the case at any time if the court determines that…the action…seeks monetary relief against a Defendant who is immune from such relief."). Therefore, the claim should also be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and seeks monetary relief from a Defendant immune from such relief under § 1915(e)(2)(B)(iii).

### iii.     Prosecutorial Immunity

The remainder of Plaintiff's allegations assert prosecutorial misconduct. Like judges, prosecutors are absolutely immune from suit for money damages for acts "associated with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors in the

scope of their duties are entitled to absolute immunity). Because the Assistant U.S. Attorney in this case[2] is absolutely immune from *Bivens* liability for prosecuting Plaintiff and negotiating and presenting the plea agreement, such aforementioned claims do not survive screening. As a result, the claims should be dismissed under §§ 1915(e)(2)(B)(ii) and (iii).

### b. *Heck* bars Plaintiff's civil rights claims

Under *Heck v. Humphrey*, a Plaintiff cannot bring a civil rights action for alleged constitutional violations in connection with his criminal case so long as the conviction remains in place. 512 U.S. 477 (1994). If Plaintiff's civil rights allegations "necessarily demonstrate the invalidity of confinement or its duration," but the conviction still stands, the action is barred. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Claims for injunctive, declaratory, and monetary relief that attack a remaining conviction or plea are considered premature under *Heck*. *See Summers v. Eidson*, 206 Fed. App'x 3211, 323 (5th Cir. 2006) (*Heck* "applies to injunctive as well as monetary relief."). Here, Plaintiff's allegations of prosecutorial misconduct and ineffective assistance of counsel imply that his conviction is invalid. Yet prior appeals and 28 U.S.C. § 2255 motions regarding this case have been dismissed. Therefore, *Heck* bars Plaintiff's request for relief.

### III. CONCLUSION AND STRIKE

A civil rights lawsuit cannot be used to challenge the "fact or duration" of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that the writ of habeas corpus is the only remedy for prisoners who challenge the "fact or duration" of their confinement). Here, Plaintiff moves under 42 U.S.C. § 1983 to withdraw his

---

[2] The Complaint mistakenly names Michael Sokolow as the prosecutor/"U.S. Attorney" involved in 5:18-cr-564. Mr. Sokolow was Hernandez's Assistant Federal Public Defender on appeal. *See* 5:18-cr-546, Dkt. No. 41.

plea agreement, and the Court construes his allegations as Constitutional defects to the fact of his confinement.  (Dkt. No. 1 at 5.)  The allegations raised by Hernandez here are nearly identical to those raised in a separate 28 U.S.C. § 2255 writ of habeas corpus in this District, so this action is merely "another attempt by Plaintiff to have his appellate rights restored disguised as a *Bivens* action in order to circumvent the successive filings bar to § 2255 motions." *Jeburk v. Bowen*, No. CV 110-073, 2010 WL 4924725 at *1 (S.D. Ga. Oct. 8, 2010).  The action is therefore frivolous. *See Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989), *cert. denied,* 493 U.S. 969 (1989) ("*in forma pauperis* complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff.").

On January 21, 2020, Hernandez filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence in the Southern District of Texas, Laredo Division, on the grounds that his lawyer's *Anders* brief to the Fifth Circuit constituted ineffective assistance of counsel.  He also sought relief under the First Step Act, although his underlying offense of being a felon in possession of a firearm is not a predicate offense under the statute.  District Judge Marina Garcia Marmolejo denied the Motion on August 13, 2020.  *See Hernandez v. United States*, No. 5:20-cv-11.  Subsequently, in September of 2020, Hernandez filed a second § 2255 habeas petition in Laredo on the same *Anders* and First Step Act grounds, and included a Motion to Withdraw Plea Agreement by Ineffective Assistance of Counsel.  *Hernandez v. United States*, No. 5:20-cv-163 (Dkt. No. 2).  The Motion to Withdraw alleged that Hernandez's guilty plea was involuntarily entered because his lawyer "sold me out to the prosecutor and scared me into signing a plea agreement."  *Id.*  Hernandez also alleged that the plea was involuntary because his lawyer failed to provide information about his medical records and Social Security benefits relating to

competency.³  The Motions were referred to Magistrate Judge John A. Kazen, who recommended dismissal on the basis that the case was an unauthorized successive application for relief under § 2255.  (*Id.,* Dkt. Nos. 8, 11.)  On October 20, 2021, District Judge Marmolejo adopted the Report and Recommendation, and denied Hernandez's § 2255 Motion without prejudice.  (*Id.,* Dkt. No. 18.)  Final judgment was entered on November 4, 2022.  (*Id.*, Dkt. No. 20.)

The Fifth Circuit has repeatedly held that a complaint is considered malicious for purposes of 28 U.S.C. § 1915(e) if it duplicates allegations made in another federal lawsuit by the same plaintiff.  *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1987) (per curiam) (observing that "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § [1915(e)(2)(B)] as malicious") (citations omitted); *Willis v. Bates*, 78 F. App'x 929, 929 (5th Cir. 2003) ("A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit.").  Because Plaintiff has made the same or similar claims previously, the Court concludes that the pending complaint is duplicative and therefore subject to dismissal as frivolous and malicious.  Dismissals of actions that are frivolous or malicious count as "strikes" under § 1915(g); three strikes will bar a prisoner litigant from filing future civil actions.  28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020) ("the provision counts as strikes dismissals of actions that are 'frivolous' or 'malicious,' along with those that fail to state a claim" under § 1915(e)(2)(B)(ii).

Accordingly, the Court **RECOMMENDS** as follows:

---

³  Contrary to Plaintiff's allegation, court records in Hernandez's criminal case reflect that Hernandez's counsel had scheduled a mental health evaluation, received a doctor's written report within a month after the evaluation, and that counsel was granted extra time to review DVDs regarding the case with him.  *United States v. Hernandez*, No. 5:18-cr-546 (Dkt. No. 17).

1. The civil rights complaint filed by Juan Manuel Hernandez be **DISMISSED** with prejudice under §§ 1915(e)(2)(B)(ii) and (iii) because the complaint fails to state cognizable claims and seeks monetary relief from an immune party, because the relief sought is barred by *Heck*, and lastly because it is duplicative; and

2. The dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g) because it is frivolous and malicious.

IT IS SO RECOMMENDED.

Signed on March 1, 2022, in Laredo, Texas.

*Diana Song Quiroga*
DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties by any receipted means. Any party who objects to any part of this report and recommendation must file specific written objections **within 14 days after being served with a copy**. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).